VENABLE LLP
Angel A. Garganta (SBN 163957)
Email: agarganta@venable.com
Jessica L. Grant (SBN 178138)
Email: jgrant@venable.com
Brian A. Featherstun (SBN 292625)
Email: bafeatherstun@venable.com
John C. Vazquez (pro hac vice)
Email: jcvazquez@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:     415.653.3750
Facsimile:     415.653.3755

Defendant PREMIER NUTRITION CORPORATION
f/k/a JOINT JUICE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES SIMMONS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.<br><br>Defendant. | Case No. 3:16-CV-07078-RS<br><br>Hon. Richard Seeborg<br><br>**PREMIER NUTRITION CORPORATION'S ANSWER TO PLAINTIFF MOSES SIMMONS' FIRST AMENDED COMPLAINT**<br><br>**CLASS ACTION**<br><br>Action Filed: December 12, 2016<br><br>**Jury Trial Demanded** |

-1-

Defendant Premier Nutrition Corp. ("Premier") answers the purported Class Action Complaint of Plaintiff Moses Simmons ("Plaintiff") as follows. Unless otherwise expressly stated below, Premier denies each and every allegation of the Complaint.

## NATURE OF THE ACTION

1.  Paragraph 1 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 1 requires an answer, Premier admits that it sells the "Joint Juice" products (hereinafter the "Products") as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website and television advertising that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent Plaintiff refers to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 1 not specifically admitted.

2.  Answering Paragraph 2 of Plaintiff's Complaint, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent the allegations in Paragraph 2 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 2 not specifically admitted.

3.  Answering Paragraph 3 of Plaintiff's Complaint, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent the allegations in Paragraph 3 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 3 not specifically admitted.

4.  Answering Paragraph 4 of Plaintiff's Complaint, Premier admits that it sells the

-2-

Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent the allegations in Paragraph 4 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 4 not specifically admitted.

5.       Paragraph 5 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. Premier admits that it has sold over $100 million dollars of the Products in the past nine years. Premier denies each and every other allegation in Paragraph 5 not specifically admitted.

6.       Paragraph 6 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 6 requires an answer, Premier denies each of the allegations contained in Paragraph 6.

7.       Paragraph 7 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 7 requires an answer, Premier denies each of the allegations contained in Paragraph 7.

**JURISDICTION AND VENUE**

8.       Paragraph 8 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer.

9.       Paragraph 9 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 9 requires an answer, Premier admits that it has marketed, promoted, distributed, and sold the Products in California.

10.       Paragraph 10 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 10 requires an answer, Premier admits that it conducts business and is headquartered in the District.

11.       Paragraph 11 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 11 requires an answer, Premier

-3-

admits that it is currently headquartered in Emeryville, California, which is in Alameda County.

## PARTIES

*Plaintiff*

12.     Answering Paragraph 12 of Plaintiff's Complaint, Premier lacks sufficient knowledge or information to form a belief as to where Mr. Simmons resides, his state of citizenship, whether he in fact purchased the referenced Product, his belief regarding the Product or its related advertisements and labeling, and his reasons for allegedly purchasing the Product; on that basis, Premier denies these allegations in Paragraph 12. To the extent Paragraph 12 refers to the labels on the Product, the labels speak to themselves. Premier denies each and every other allegation in Paragraph 12.

13.     Answering Paragraph 13 of Plaintiff's Complaint, Premier lacks sufficient knowledge or information to form a belief as to Mr. Simmons' beliefs regarding the Product or its related advertisement and labeling, and his reasons for allegedly purchasing the Product; on that basis, Premier denies these allegations in Paragraph 13. Premier denies each and every other allegation in Paragraph 13.

*Defendant*

14.     Answering Paragraph 14 of Plaintiff's Complaint, Premier admits that it is a Delaware corporation. Premier admits that, as of the date the Complaint was filed, it was headquartered at 5905 Christie Avenue, Emeryville, California, 94608; effective October, 2018, Premier is headquartered at 1222 67th Street, Suite 210, Emeryville, CA, 94608. Premier admits that it was previously headquartered at 188 Spear Street, Suite 600, San Francisco, California 94105. Premier admits that, as of August 2013, it became a wholly owned subsidiary of Post Holdings, Inc. Premier admits that it is a manufacturer of high-protein nutrition products, including ready-to-drink shakes, bars, powders, and cookies. Premier admits that it has manufactured, advertised, marketed, distributed, and/or sold the referenced Products throughout the United States, including its website. Premier admits that its Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, research and development personnel, and customer

-4-

service personnel have been located in California, however, not all marketing or sales employees have been located in California. Premier admits that its advertising agency was located in San Francisco. The term "retail distribution vendor" is vague and ambiguous, and therefore Premier lacks sufficient knowledge or information to admit or deny the allegations regarding its "retail distribution vendor." Premier denies each and every other allegation in Paragraph 14.

15.     Answering Paragraph 15 of Plaintiff's Complaint, Premier admits that Joint Juice was formerly a California corporation headquartered at 120 Howard Street, Suite 600, San Francisco, California 94105. Premier admits that it was formerly known as Joint Juice, Inc. and under that name it manufactured, advertised, marketed, distributed, and sold the Products throughout the United States. Premier admits that the date of the acquisition described in Paragraph 15 is accurate. Premier denies each and every other allegation in Paragraph 15.

16.     Answering Paragraph 16 of Plaintiff's Complaint, Premier admits that the former CEO of Premier had worked out of San Francisco and that an advertising agency used by Joint Juice was located in San Francisco; however, not all marketing employees have been located in California. Premier admits that the current President of Premier works from Emeryville. Premier admits that the Products were originally developed by Dr. Kevin Stone at the Stone Clinic in San Francisco. Premier denies each and every other allegation in Paragraph 16.

## FACTUAL ALLEGATIONS

### The Joint Juice Products

17.     Answering Paragraph 17 of Plaintiff's Complaint, Premier denies that it has distributed, marketed, and/or sold the Products since 1999.

18.     Answering Paragraph 18 of Plaintiff's Complaint, Premier admits that the Products have been sold by the third-party retailers listed in Paragraph 18 and through its website.

19.     Answering Paragraph 19 of Plaintiff's Complaint, Premier admits that the Products have been sold as drink mix packets, eight-ounce beverage bottles, and "Easy Shot"

bottles. However, the Products are often sold at discounts and retail prices have varied. Premier denies each and every allegation in Paragraph 19 not specifically admitted.

20.     Answering Paragraph 20 of Plaintiff's Complaint, Premier admits that the Products contain 1,500 mg of glucosamine hydrochloride plus chondroitin. To the extent Paragraph 20 refers to the Product packaging, the packaging speaks for itself.

21.     Answering Paragraph 21 of Plaintiff's Complaint, Premier admits that the allegations in Paragraph 21; however, glucosamine used in Premier's Products has also been derived from vegetarian sources.

22.     Answering Paragraph 22 of Plaintiff's Complaint, Premier admits that some other glucosamine products contain glucosamine sulfate.

23.     Answering Paragraph 23 of Plaintiff's Complaint, Premier admits the allegations in Paragraph 23.

24.     Answering Paragraph 24 of Plaintiff's Complaint, Premier denies that glucosamine hydrochloride is always less expensive than glucosamine sulfate.

25.     Answering Paragraph 25 of Plaintiff's Complaint, to the extent Paragraph 25 references a scientific study, the study speaks for itself. Premier lacks sufficient knowledge or information to admit or deny each and every other allegation in Paragraph 25.

26.     Answering Paragraph 26 of Plaintiff's Complaint, Premier admits the allegations in Paragraph 26.

***Defendant's False and Deceptive Advertising for the Joint Juice Products***[1]

27.     Answering Paragraph 27 of Plaintiff's Complaint, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent Plaintiff refers to Premier's advertising, marketing, packaging, and/or Product labeling, that material has varied

---

[1] Plaintiff's allegation contains legal conclusions not requiring an answer. To the extent this statement requires an answer, Premier denies this allegation in its entirety.

PREMIER NUTRITION CORPORATION'S
ANSWER TO PLTF. MOSES SIMMONS' FIRST
AMENDED COMPLAINT

over time and speaks for itself. Premier denies each and every other allegation in Paragraph 27 not specifically admitted.

28. Answering Paragraph 28 of Plaintiff's Complaint, Premier admits that glucosamine hydrochloride and chondroitin sulfate are active ingredients in the Products. To the extent Plaintiff refers to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 28 not specifically admitted.

29. Answering Paragraph 29 of Plaintiff's Complaint, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent Plaintiff refers to Premier's advertising, marketing, packaging and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 29 not specifically admitted.

30. Answering Paragraph 30 of Plaintiff's Complaint, to the extent the allegations in Paragraph 30 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 30.

31. Answering Paragraph 31 of Plaintiff's Complaint, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent the allegations in Paragraph 31 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 31 not specifically admitted.

32. Paragraph 32 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent the allegations in Paragraph 32 require an answer, and to the extent the allegations refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. To the extent the allegations in

PREMIER NUTRITION CORPORATION'S
ANSWER TO PLTF. MOSES SIMMONS' FIRST
AMENDED COMPLAINT

Paragraph 32 do not accurately reflect the above-mentioned material, Premier denies the allegations. Premier denies each and every other allegation in Paragraph 32 not specifically admitted.

33.     To the extent the allegations in Paragraph 33 refer to any of Premier's advertising, marketing, packaging, and/or Product labeling, including on its website, that material speaks for itself. Premier denies each and every other allegation in Paragraph 33.

34.     Answering Paragraph 34 of Plaintiff's Complaint, Premier admits that former professional football player Joe Montana was a spokesman for the Products. To the extent the allegations in Paragraph 34 refer to Premier's advertising, marketing, packaging, and/or Product labeling, including Joe Montana's statements for Premier's television commercial, that material speaks for itself. Premier denies each and every other allegation in Paragraph 34 not specifically admitted.

35.     Answering Paragraph 35 of Plaintiff's Complaint, Premier admits that Products' packaging features the Arthritis Foundation Logo. To the extent the allegations in Paragraph 35 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 35 not specifically admitted.

36.     To the extent the allegations in Paragraph 36 refer to Premier's packaging, advertising, marketing, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 36 not specifically admitted.

37.     Answering Paragraph 37 of Plaintiff's Complaint, Premier admits that the pictures included in Plaintiff's Complaint appear to be accurate, partial representations of the current packaging of certain Products.

*Scientific Studies Confirm That Joint Juice Is Not Effective And Defendant's Health Benefits Message Is False And Deceptive*[2]

38.    Answering Paragraph 38 of Plaintiff's Complaint, Premier denies the allegations in Paragraph 38.

39.    Answering Paragraph 39 of Plaintiff's Complaint, Premier admits that Paragraph 39 accurately quotes the Reference Manual on Scientific Evidence. Premier denies that all meta-analysis studies have concluded that glucosamine and chondroitin do nothing. Premier denies each and every other allegation in Paragraph 39 not specifically admitted.

40.    Without admitting that the study cited in Paragraph 40 of Plaintiff's Complaint is relevant to this action, that study speaks for itself and, on that basis, Paragraph 40 does not require an answer. However, to the extent the allegations in Paragraph 40 do not accurately reflect the study, Premier denies the allegations.

41.    Without admitting that the study cited in Paragraph 41 of Plaintiff's Complaint is relevant to this action, that study speaks for itself and, on that basis, Paragraph 41 does not require an answer. However, to the extent the allegations in Paragraph 41 do not accurately reflect the study, Premier denies the allegations.

42.    Without admitting that the study cited in Paragraph 42 of Plaintiff's Complaint is relevant to this action, that study speaks for itself and, on that basis, Paragraph 42 does not require an answer. However, to the extent the allegations in Paragraph 42 do not accurately reflect the study, Premier denies the allegations.

43.    Without admitting that the study cited in Paragraph 43 of Plaintiff's Complaint is relevant to this action, that study speaks for itself and, on that basis, Paragraph 43 does not require an answer. However, to the extent the allegations in Paragraph 43 do not accurately reflect the study, Premier denies the allegations.

44.    Answering Paragraph 44 of the Complaint, Plaintiff does not identify the studies

---

[2] Plaintiff's allegation contains legal conclusions not requiring an answer. To the extent this statement requires an answer, Premier denies this allegation in its entirety.

1    on which he bases his allegations and accordingly, Premier lacks sufficient knowledge or

2    information to form a belief as to those studies.

3        45.    Without admitting that the study cited in Paragraph 45 of Plaintiff's Complaint is

4    relevant to this action, that study speaks for itself and, on that basis, Paragraph 45 does not

5    require an answer. However, to the extent the allegations in Paragraph 45 do not accurately

6    reflect the study, Premier denies the allegations. Premier denies remaining allegations in

7    Paragraph 45.

8        46.    Without admitting that the studies cited in Paragraph 46 of Plaintiff's Complaint

9    are relevant to this action, those studies speak for themselves and, on that basis, Paragraph 46

10   does not require an answer. However, to the extent the allegations in Paragraph 46 do not

11   accurately reflect those studies, Premier denies the allegations.

12       47.    Without admitting that the study cited in Paragraph 47 of Plaintiff's Complaint is

13   relevant to this action, that study speaks for itself and, on that basis, Paragraph 47 does not

14   require an answer. However, to the extent the allegations in Paragraph 47 do not accurately

15   reflect the study, Premier denies the allegations.

16       48.    Without admitting that the studies cited in Paragraph 48 of Plaintiff's Complaint

17   are relevant to this action, those studies speak for themselves and, on that basis, Paragraph 48

18   does not require an answer. However, to the extent the allegations in Paragraph 48 do not

19   accurately reflect the studies, Premier denies the allegations.

20       49.    Without admitting that the study cited in Paragraph 49 of Plaintiff's Complaint is

21   relevant to this action, that study speaks for itself and, on that basis, Paragraph 49 does not

22   require an answer. However, to the extent the allegations in Paragraph 49 do not accurately

23   reflect the study, Premier denies the allegations.

24       50.    Answering Paragraph 50 of Plaintiff's Complaint, Plaintiff does not identify the

25   studies on which he bases his allegations and accordingly, Premier lacks sufficient knowledge

26   or information to form a belief as to those studies.

27       51.    Answering Paragraph 51 of Plaintiff's Complaint, Plaintiff does not identify the

28

-10-

PREMIER NUTRITION CORPORATION'S
ANSWER TO PLTF. MOSES SIMMONS' FIRST
AMENDED COMPLAINT

studies on which he bases his allegations and accordingly, Premier lacks sufficient knowledge or information to form a belief as to those studies.

52.     Without admitting that the study cited in Paragraph 52 of Plaintiff's Complaint is relevant to this action, that study speaks for itself and, on that basis, Paragraph 52 does not require an answer. However, to the extent the allegations in Paragraph 52 do not accurately reflect the study, Premier denies the allegations.

53.     Without admitting that the study cited in Paragraph 53 of Plaintiff's Complaint is relevant to this action, that study speaks for itself and, on that basis, Paragraph 53 does not require an answer. However, to the extent the allegations in Paragraph 53 do not accurately reflect the study, Premier denies the allegations.

54.     Answering Paragraph 54 of Plaintiff's Complaint, Premier denies that there is uniform consensus that glucosamine and chondroitin do not work. Without admitting that the guidelines cited in Paragraph 54 of Plaintiff's Complaint are relevant to this action, the guidelines speak for themselves and, to that extent, Paragraph 54 does not require an answer. However, to the extent the allegations in Paragraph 54 do not accurately reflect the guidelines, Premier denies the allegations. Premier denies each and every other allegation not specifically admitted.

55.     Without admitting that the studies and guidelines cited in Paragraph 55 of Plaintiff's Complaint are relevant to this action, the studies and guidelines speak for themselves and, on that basis, Paragraph 55 does not require an answer. However, to the extent the allegations in Paragraph 55 do not accurately reflect the studies and guidelines, Premier denies the allegations.

56.     Without admitting that the guidelines cited in Paragraph 56 of Plaintiff's Complaint are relevant to this action, the guidelines speak for themselves and, on that basis, Paragraph 56 does not require an answer. However, to the extent the allegations in Paragraph 56 do not accurately reflect the guidelines, Premier denies the allegations.

57.     Without admitting that the guidelines cited in Paragraph 57 of Plaintiff's

1    Complaint are relevant to this action, the guidelines speak for themselves and, on that basis,

2    Paragraph 57 does not require an answer. However, to the extent the allegations in Paragraph 57

3    do not accurately reflect the guidelines, Premier denies the allegations.

4            58.     Without admitting that the study cited in Paragraph 58 of Plaintiff's Complaint is

5    relevant to this action, that study speaks for itself and, on that basis, Paragraph 58 does not

6    require an answer. However, to the extent the allegations in Paragraph 58 do not accurately

7    reflect the study, Premier denies the allegations.

8            59.     Without admitting that the study cited in Paragraph 59 of Plaintiff's Complaint is

9    relevant to this action, that study speaks for itself and, on that basis, Paragraph 59 does not

10   require an answer. However, to the extent the allegations in Paragraph 59 do not accurately

11   reflect the study, Premier denies the allegations. Premier denies each and every other allegation

12   in Paragraph 59.

13           60.     Without admitting that the study cited in Paragraph 60 of Plaintiff's Complaint is

14   relevant to this action, that study speaks for itself and on that basis, Paragraph 60 does not

15   require an answer. However, to the extent the allegations in Paragraph 60 do not accurately

16   reflect the study, Premier denies the allegations.

17           61.     Without admitting that the study cited in Paragraph 61 of Plaintiff's Complaint is

18   relevant to this action, that study speaks for itself and, on that basis, Paragraph 61 does not

19   require an answer. However, to the extent the allegations in Paragraph 61 do not accurately

20   reflect the study, Premier denies the allegations.

21           62.     Without admitting that the study cited in Paragraph 62 of Plaintiff's Complaint is

22   relevant to this action, that study speaks for itself and, on that basis, Paragraph 62 does not

23   require an answer. However, to the extent the allegations in Paragraph 62 do not accurately

24   reflect the study, Premier denies the allegations.

25           63.     Without admitting that the study cited in Paragraph 63 of Plaintiff's Complaint is

26   relevant to this action, that study speaks for itself and, on that basis, Paragraph 63 does not

27   require an answer. However, to the extent the allegations in Paragraph 63 do not accurately

28

-12-

reflect the study, Premier denies the allegations.

64.     Without admitting that the study cited in Paragraph 64 of Plaintiff's Complaint is relevant to this action, that study speaks for itself and, on that basis, Paragraph 64 does not require an answer. However, to the extent the allegations in Paragraph 64 do not accurately reflect the study, Premier denies the allegations.

**The Impact of Defendant's Wrongful Conduct**[3]

65.     Answering Paragraph 65 of Plaintiff's Complaint, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent Plaintiff refers to Premier's advertising, marketing, packaging, and/or Product labeling, that material has varied over time and speaks for itself. Premier denies each and every other allegation in Paragraph 65 not specifically admitted.

66.     Answering Paragraph 66 of Plaintiff's Complaint, Paragraph 66 contains legal conclusions and to that extent does not require an answer.

67.     Answering Paragraph 67 of Plaintiff's Complaint, Premier denies each of the allegations contained in Paragraph 67.

68.     Paragraph 68 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 68 requires an answer, Premier lacks sufficient knowledge or information to form a belief as to whether Mr. Simmons purchased the referenced Product, his belief regarding the Product or its related advertisement or labeling, and his reasons for allegedly purchasing the product; on that basis, Premier denies these allegations in Paragraph 68. Premier denies each and every other allegation in Paragraph 68.

69.     Answering Paragraph 69 of Plaintiff's Complaint, retail prices for the Products

---

[3] Plaintiff's allegation contains legal conclusions not requiring an answer. To the extent this statement requires an answer, Premier denies this allegation in its entirety.

have varied. Premier denies each and every other allegation in Paragraph 69.

**CLASS DEFINITION AND ALLEGATIONS**

70.     Paragraph 70 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 70 requires an answer, Premier denies each of the allegations contained in Paragraph 70.

71.     Paragraph 71 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 71 requires an answer, Premier denies each of the allegations contained in Paragraph 71.

72.     Paragraph 72 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 72 requires an answer, Premier denies each of the allegations contained in Paragraph 72.

73.     Paragraph 73 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 73 requires an answer, Premier denies each of the allegations contained in Paragraph 73.

74.     Paragraph 74 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 74 requires an answer, Premier denies each of the allegations contained in Paragraph 74.

75.     Paragraph 75 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 75 requires an answer, Premier denies each of the allegations contained in Paragraph 75.

76.     Paragraph 76 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 76 requires an answer, Premier denies each of the allegations contained in Paragraph 76.

77.     Paragraph 77 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 77 requires an answer, Premier denies each of the allegations contained in Paragraph 77.

# CLAIMS ALLEGED

## COUNT I

### Violation of Michigan Consumer Protection Act

### Mich. Comp. Laws §§445.901, *et seq.*

78. Answering Paragraph 78 of Plaintiff's Complaint, Premier incorporates by reference and repleads all of the admissions, denials, and allegations contained in Paragraphs 1-77 above.

79. Paragraph 79 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 79 requires an answer, Premier denies each of the allegations contained in Paragraph 79.

80. Paragraph 80 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 80 requires an answer, Premier denies each of the allegations contained in Paragraph 80.

81. Answering Paragraph 81 of Plaintiff's Complaint, to the extent Paragraph 81 of Plaintiff's Complaint accurately references and quotes Section 445.903 of Michigan Compiled Laws, the statute speaks for itself. However, to the extent Paragraph 81 does not accurately reflect the statute, and/or to the extent it contains a legal conclusion, Premier denies each of the allegations contained in Paragraph 81.

82. Answering Paragraph 82 of Plaintiff's Complaint, to the extent Paragraph 82 of Plaintiff's Complaint accurately references and quotes Section 445.903 of Michigan Compiled Laws, the statute speaks for itself. However, to the extent Paragraph 82 does not accurately reflect the statute, and/or to the extent it contains a legal conclusion, Premier denies each of the allegations contained in Paragraph 82.

83. Paragraph 83 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 83 requires an answer, Premier denies each of the allegations contained in Paragraph 83.

84. Paragraph 84 of Plaintiff's Complaint contains legal conclusions, and to that

extent does not require an answer. To the extent that Paragraph 84 requires an answer, Premier denies each of the allegations contained in Paragraph 84.

85.     Paragraph 85 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 85 requires an answer, Premier denies each of the allegations contained in Paragraph 85.

86.     Paragraph 86 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 86 requires an answer, Premier denies each of the allegations contained in Paragraph 86.

## COUNT II

### Breach of Implied Warranty of Merchantability

87.     Answering Paragraph 87 of Plaintiff's Complaint, Premier incorporates by reference and repleads all of the admissions, denials, and allegations contained in Paragraphs 1-86 above.

88.     Paragraph 88 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 88 requires an answer, Premier denies each of the allegations contained in Paragraph 88.

89.     Paragraph 89 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 89 requires an answer, Premier denies each of the allegations contained in Paragraph 89.

90.     Answering Paragraph 90 of Plaintiff's Complaint, Premier lacks sufficient knowledge or information to form a belief as to whether Mr. Simmons and/or the alleged Class members in fact purchased the referenced Products; on that basis, Premier denies these allegations in Paragraph 90.

91.     Paragraph 91 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 91 requires an answer, Premier denies each of the allegations contained in Paragraph 91.

92.     Paragraph 92 of Plaintiff's Complaint contains legal conclusions, and to that

1  extent does not require an answer. To the extent that Paragraph 92 requires an answer, Premier

2  denies each of the allegations contained in Paragraph 92.

3       93.      Paragraph 93 of Plaintiff's Complaint contains legal conclusions, and to that

4  extent does not require an answer. To the extent that Paragraph 93 requires an answer, Premier

5  denies each of the allegations contained in Paragraph 93.

6       94.      Paragraph 94 of Plaintiff's Complaint contains legal conclusions, and to that

7  extent does not require an answer. To the extent that Paragraph 94 requires an answer, Premier

8  denies each of the allegations contained in Paragraph 94.

9       95.      Paragraph 95 of Plaintiff's Complaint contains legal conclusions, and to that

10 extent does not require an answer. To the extent that Paragraph 95 requires an answer, Premier

11 denies each of the allegations contained in Paragraph 95.

12      96.      Paragraph 96 of Plaintiff's Complaint contains legal conclusions, and to that

13 extent does not require an answer. To the extent that Paragraph 96 requires an answer, Premier

14 denies each of the allegations contained in Paragraph 96.

15      97.      Paragraph 97 of Plaintiff's Complaint contains legal conclusions, and to that

16 extent does not require an answer. To the extent that Paragraph 97 requires an answer, Premier

17 denies each of the allegations contained in Paragraph 97.

18                              **COUNT III**

19          **Violation of the Magnuson-Moss Warranty Act**

20               **15 U.S.C. §§ 2301, *et seq.***

21      98.      Answering Paragraph 98 of Plaintiff's Complaint, Premier incorporates by

22 reference and repleads all of the admissions, denials, and allegations contained in Paragraph 1-

23 97 above.

24      99.      Answering Paragraph 99 of Plaintiff's Complaint, to the extent Paragraph 99

25 references 15 U.S.C. § 2310(d)(1)(A), the statute speaks for itself. However, to the extent

26 Paragraph 99 does not accurately reflect the statute, and/or to the extent Paragraph 99 contains a

27 legal conclusion, Premier denies each of the allegations contained in Paragraph 99.

28

-17-

100.     Paragraph 100 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 100 requires an answer, Premier denies each of the allegations contained in Paragraph 100.

101.     Paragraph 101 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 101 requires an answer, Premier denies each of the allegations contained in Paragraph 101.

102.     Paragraph 102 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 102 requires an answer, Premier denies each of the allegations contained in Paragraph 102.

103.     Paragraph 103 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 103 requires an answer, Premier denies each of the allegations contained in Paragraph 103.

104.     Paragraph 104 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 104 requires an answer, Premier denies each of the allegations contained in Paragraph 104.

105.     Paragraph 105 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 105 requires an answer, Premier denies each of the allegations contained in Paragraph 105.

106.     Paragraph 106 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 106 requires an answer, Premier denies each of the allegations contained in Paragraph 106.

107.     Paragraph 107 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 107 requires an answer, Premier denies each of the allegations contained in Paragraph 107.

### COUNT IV

### Unjust Enrichment

108.     Answering Paragraph 108 of Plaintiff's Complaint, Premier incorporates by

-18-

references and repleads all of the admissions, denials, and allegations contained in Paragraphs 1-107 above.

109.    Paragraph 109 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 109 requires an answer, Premier denies each of the allegations contained in Paragraph 109.

110.    Paragraph 110 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 110 requires an answer, Premier denies each of the allegations contained in Paragraph 110.

111.    Paragraph 111 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 111 requires an answer, Premier denies each of the allegations contained in Paragraph 111.

112.    Paragraph 112 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 112 requires an answer, Premier denies each of the allegations contained in Paragraph 112.

113.    Paragraph 113 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 113 requires an answer, Premier denies each of the allegations contained in Paragraph 113.

114.    Paragraph 114 of Plaintiff's Complaint contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 114 requires an answer, Premier denies each of the allegations contained in Paragraph 114.

## JURY DEMAND

Premier respectfully makes a demand for a trial by jury on claims and issues so triable.

## REQUEST FOR RELIEF

Premier denies that Plaintiff is entitled to any of the relief sought in his Request for Relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with

-19-

Plaintiff, and expressly denying any and all wrongdoing, Premier alleges the following additional reasons why Plaintiff is not entitled to any relief:

## FIRST AFFIRMATIVE DEFENSE

### (Equitable Relief Unavailable)

Plaintiff is not entitled to equitable relief because, if Plaintiff is entitled to a remedy, which Premier denies, Plaintiff has adequate legal remedies. No threat of immediate harm exists sufficient to support a grant of injunctive relief.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim against Premier on which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (No Standing)

Plaintiff is not entitled to relief under the statutes and legal theories invoked in his Complaint because plaintiff lacks standing.

## FOURTH AFFIRMATIVE DEFENSE

### (No Deceptive Act or Practice)

Plaintiff's claims are barred, in whole or in part, because there was no deceptive act or practice. Each and every representation and advertisement for the Products clearly and accurately portrayed the characteristics, ingredients, uses, benefits, quantities, standard, quality, and grade of the Products.

## FIFTH AFFIRMATIVE DEFENSE

### (No Intent to Deceive)

Plaintiff is precluded from recovery on his fraud- and misrepresentation-based claims because the misrepresentations and actions alleged by Plaintiff were not intended to deceive Plaintiff.

-20-

PREMIER NUTRITION CORPORATION'S
ANSWER TO PLTF. MOSES SIMMONS' FIRST
AMENDED COMPLAINT
Case No. 3:16-CV-07078-RS
21478775-v2

**SIXTH AFFIRMATIVE DEFENSE**

**(Not Likely to Mislead Public)**

None of Premier's acts, conduct, omissions, or statements alleged in the Complaint were likely to mislead the public.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Justifiable Reliance)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff knew, at all times, the characteristics, ingredients, uses, benefits, quantities, standard, quality, and grade of the joint Juice Products and therefore could not have justifiably relied on the alleged misrepresentation or omissions asserted in his Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Performance of Duties)**

Premier has fully performed any and all contractual, statutory, and other duties, and Plaintiff is therefore estopped from asserting any cause of action against Premier.

**NINETH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

Premier has substantially complied with the requirements of the law as they pertain to this lawsuit and such substantial compliance bars Plaintiff's claims.

**TENTH AFFIRMATIVE DEFENSE**

**(Actions Pursuant to Local, State or Federal Authority)**

Premier is not liable for any acts or omissions undertaken by or at the direction of local, state or federal authority, including, without limitation, acts or omissions made in accordance with regulations, ordinances, statutes, and laws applicable at the time of the acts or omissions at issue.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Conduct Not Unfair)**

The representations and advertising regarding the Products are not unfair. No

-21-

representation or advertisement contains any false or misleading statement or promises any good not intended to be delivered. As such, the representations and advertising are not, and were not, unfair.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Conduct Not Unlawful)

The representations and advertising regarding the Products are not unlawful because they are not, and were not, in violation of any law or regulation.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Cause in Fact)

No act or omission by Premier or by any person or entity for which Premier was responsible was the cause of any injury in fact, damages, or loss of money or property alleged by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (No Proximate Cause)

Plaintiff's claims are barred, in whole or in part, because Premier has not engaged in any activity or conduct that is a proximate cause of any injury in fact, damages, or loss of money or property alleged by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Superseding Causes)

Any and all violations alleged in Plaintiff's Complaint were the result of superseding or intervening causes arising from the acts or omissions of parties that Premier neither controlled nor had a legal right to control, and such alleged violations were not proximately or otherwise caused by any act, omission, or other conduct of Premier.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

If Plaintiff has suffered any damages or injury in fact, which Premier expressly denies, Premier alleges that Plaintiff's recovery is barred by his failure to mitigate, reduce, or otherwise

-22-

avoid damages or injuries.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Aggravation of Harm)

To the extent any harm exists, Premier is informed and believes and, on that basis, alleges that Plaintiff's actions have aggravated such harm, and thus, any recovery from Plaintiff's Complaint for such harm should be barred or reduced accordingly.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel and Equitable Indemnity)

Based on Plaintiff's conduct, Plaintiff's claims are barred by the doctrines of equitable estoppel and equitable indemnity.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

All or some of Plaintiff's alleged claims and issues are barred by prior judgment by the doctrines of res judicata and collateral estoppel.

## TWENTY AFFIRMATIVE DEFENSE

### (Waiver)

Based on Plaintiff's conduct, Plaintiff's claims are barred by the doctrine of waiver.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims and damages are barred, reduced, and/or limited by the applicable statutes of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Laches)

By virtue of Plaintiff's unreasonable delay in commencing this action, which duly has caused prejudice to Premier, the Complaint and each purported cause of action asserted therein are barred by the doctrine of laches.

1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3       The Complaint and each and every purported claim against Premier is barred by the

4   doctrine of unclean hands in that Plaintiff's own actions have caused the damages Plaintiff may

5   have incurred, if any.

6

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

7

### (No Actual Injury)

8       Plaintiff is not entitled to relief under the legal theories invoked in the Complaint

9   because Plaintiff suffered no actual injury and suffered no damages.

10

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

11

### (Not Maintainable As Class Action)

12      Premier alleges that this action is barred in whole or in part because Plaintiff's claims

13  are not maintainable as a class action.

14

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

15

### (Unjust Enrichment)

16  Any award to the Plaintiff in this action would constitute unjust enrichment.

17

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

18

### (Attorneys' Fees Improper)

19      Plaintiff's Complaint fails to state a claim or set forth facts sufficient to support a claim

20  for attorneys' fees.

21

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

22

### (Uncertainty)

23      The Complaint and the cause of action therein presented are vague, ambiguous, and

24  uncertain. Premier reserves the right to add additional defenses as the factual bases for each of

25  Plaintiff's claims and allegations becomes known.

26

27

28

PREMIER NUTRITION CORPORATION'S
ANSWER TO PLTF. MOSES SIMMONS' FIRST
AMENDED COMPLAINT

Case No. 3:16-CV-07078-RS
21478775-v2

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Puffing)**

Plaintiff's claims are barred to the extent that any alleged deceptive statements constitute puffery, and no reasonable person in Plaintiff's position could have reasonably relied on or misunderstood Premier's statements.

**THIRTY AFFIRMATIVE DEFENSE**

**(Mootness)**

Plaintiff is not entitled to an injunction to the extent Premier has already ceased the allegedly unlawful conduct.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Equities in Favor of Defendants)**

Plaintiff is barred from recovering the relief sought in the Complaint because the equities weigh in favor of Premier.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Violation of Right to Free Speech)**

To the extent Plaintiff purports to seek equitable relief to mandate the specific content of Premier's advertising or the content of the Products labels, Plaintiff's Complaint violates Premier's right to freedom of speech under the First Amendment of the United States Constitution and the Michigan Constitution, Article I, § 5.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Set-off)**

Any recovery by plaintiff should be offset and diminished by the value to the general public of the use of the Products.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Are Not Available)**

Plaintiff's claims do not permit the recovery of punitive damages.

-25-

1

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

2

### (Reservation of Additional Defenses)

3      Premier hereby reserves the right to amend its answer to raise additional affirmative

4 defenses as they become available or apparent to it through discovery in this matter or

5 otherwise.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PREMIER NUTRITION CORPORATION'S
ANSWER TO PLTF. MOSES SIMMONS' FIRST
AMENDED COMPLAINT

Case No. 3:16-CV-07078-RS
21478775-v2

1    WHEREFORE, having fully answered Plaintiff's Complaint, Premier prays for judgment as

2    follows:

3        1.    That Plaintiff takes nothing for his Complaint and that the Complaint be

4              dismissed with prejudice;

5        2.    That the request for injunctive relief be denied;

6        3.    That Premier be awarded its costs of suit;

7        4.    That the request for attorneys' fees and costs by Plaintiff and his counsel be

8              denied; and,

9        5.    For such other and further relief as the Court deems just and proper.

10

11

12   Dated: October 25, 2018          VENABLE LLP
                                      ANGEL A. GARGANTA (163957)
13                                    JESSICA L. GRANT (178138)
                                      BRIAN A. FEATHERSTUN (292625)
14

15                                    By:      /s/ Angel A. Garganta

16                                         ANGEL A. GARGANTA

17                                    101 California Street, Suite 3800
                                      San Francisco, CA 94111
18                                    Tel: 415/653-3750
                                      415/653-3755 (fax)
19                                    aagarganta@venable.com
                                      jgrant@venable.com
20                                    bafeatherstun@venable.com
                                      VENABLE LLP
21                                    JOHN CARLOS VAZQUES (*pro hac vice*)
                                      1270 Avenue of the Americas
22                                    New York, NY  10020
                                      Tel: 212/370-6293
23                                    jcvazquez@venable.com

24

25

26

27

28

                                      -27-